UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| **BRANDI STEWART,** : | |
| **Individually and as Administrator of** : | Case No. |
| **the Estate of Samantha Ramsey.** : | |
| **CHELSEY PENDLETON,** : | Judge |
| **BOBBY TURNER,** : | |
| **TEVIN HARMON,** : | **COMPLAINT AND JURY DEMAND** |
| c/o Gerhardstein & Branch : | |
| 432 Walnut Street : | |
| Suite 400 : | |
| Cincinnati, OH  45202 : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | |
| **TYLER BROCKMAN** : | |
| c/o Boone County Sheriff's Department : | |
| 3000 Conrad Lane : | |
| Burlington, KY 41005 : | |
| : | |
| **Individually and in his official capacity** : | |
| **as a Boone County Sheriff Deputy** : | |
| : | |
| and : | |
| : | |
| **BOONE COUNTY, KY** : | |
| P.O. Box 900 : | |
| 2950 Washington Street : | |
| Burlington, KY 41005 : | |
| : | |
| and : | |
| : | |
| **MICHAEL HELMIG** : | |
| c/o Boone County Sheriff's Department : | |
| 3000 Conrad Lane : | |
| Burlington, KY 41005 : | |
| : | |
| **In his official capacity as a the Boone** : | |
| **County Sheriff** : | |
| : | |
| **Defendants.** : | |

1

## I. PRELIMINARY STATEMENT

1. This civil rights and wrongful death action challenges as excessive force the deadly shooting of Samantha Ramsey on April 26, 2014, in Boone County, KY. Ms. Ramsey and her three passengers were unarmed as they traveled in Ms. Ramsey's car. Defendant Deputy Brockman approached her vehicle on foot from the driver side as Ms. Ramsey was slowly exiting a field where many people had attended a party. Without any warning to Ms. Ramsey or her passengers Defendant Brockman jumped onto the hood of Ms. Ramsey's car and demanded that she stop the vehicle. As Ms. Ramsey was stopping the car Defendant Brockman fired his weapon four times through the windshield. He killed Ms. Ramsey and terrorized her three passengers. The Plaintiffs bring this civil rights and state law action to secure fair compensation and to encourage Defendants and others to refrain from the unnecessary use of deadly force against unarmed civilians in the future.

## II. JURISDICTION AND VENUE

2. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367. Venue is proper in this Division.

## III. THE PARTIES

3. Plaintiff Brandi Stewart is the mother of Samantha Ramsey, deceased, and duly appointed Administrator of the estate of Samantha Ramsey. She is a resident of this judicial district.

4. Plaintiff Chelsey Pendleton was at all times relevant to this action a resident of this judicial district.

5. Plaintiff Bobby Turner was at all times relevant to this action a resident of this judicial district.

6. Plaintiff Tevin Harmon was at all times relevant to this action a resident of this judicial district.

7. Defendant Tyler Brockman was at all times relevant to this action an employee of Boone County, Kentucky and assigned as a deputy in the Boone County Sheriff's Department. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities.

8. Defendant Boone County, Kentucky, is a unit of local government organized under the laws of the state of Kentucky. Defendant Boone County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. The County is sued through its Judge Executive and Commissioners in their official capacities.

9. Defendant Michael Helmig was at all times relevant to this action the Sheriff of Boone County, Kentucky. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his official capacity only.

## IV.   FACTS

### A. Samantha Ramsey and Passengers Attend a Field Party

10. Samantha Ramsey was only nineteen (19) years of age on the date of her death. She was employed at a local daycare and pursuing a college degree in Education. She lived at home with her mother, Brandi Stewart.

11. Samantha had two brothers. Her dad was deceased. She lived with her mother. They were a very close family. In fact, on the evening of April 25, 2014, Samantha had dinner with her grandmother before leaving to socialize with friends.

12. On the night of April 25, 2014, and early morning hours of April 26, 2014, Samantha was socializing with three friends, Plaintiffs Chelsey Pendleton, Bobby Turner, and Tevin Harmon ("passenger plaintiffs" or "other plaintiffs").

13. At all times relevant Samantha and each of the other plaintiffs were unarmed.

14. The spring weather was mild and the friends decided to attend a field party on the banks of the Ohio River in Boone County, Kentucky.

15. Samantha and the other plaintiffs danced and visited with others during the party.

16. Shortly after 2:00 a.m. on April 26, 2014, Samantha and the other plaintiffs started to leave the party. Samantha was driving her Subaru sedan which had an automatic transmission operated by a center counsel gear shifter with a normal progression of gears (park – reverse – neutral – drive).

17. The other plaintiffs were present in the Subaru as passengers. Samantha placed her car behind other vehicles that were in line to leave.

**B. Defendant Brockman Arrives at Field Party**

18. In the early morning hours of April 26, 2014, Defendant Brockman, operating a marked Boone County Police Cruiser with a canine, arrived in the vicinity of the field party.

19. Defendant Brockman had benzodiazepines in his system while he was on duty and while he was using his duty weapon.

20. Benzodiazepines are prescribed to treat anxiety and panic, among other symptoms.

21. Defendant Brockman parked his vehicle on the side of River Road, partially blocking the exit from the field.

22. He exited his vehicle and activated the police cruiser's emergency lights and head lights.

23. A line of cars waited to exit onto River Road and Defendant Brockman approached the first car in the line with his flashlight in his hand.

24. The occupants of that first car in line were stopped by Defendant Brockman without a warrant, authorization, probable cause, or reasonable suspicion.

25. The driver was asked if he had been drinking. Following a negative response Defendant Brockman then waived the driver on with his flashlight and stated, "Then get the fuck out of here."

26. Defendant, Brockman, then briefly engaged in a verbal discussion with an individual near the exit from the field onto River Road.

**C. Defendant Brockman Fatally Shoots Samantha Ramsey and Terrorizes her Passengers**

27. Defendant Brockman then approached the vehicle being operated by Samantha Ramsey.

28. He carried his flashlight in his right hand as he approached Ramsey's Subaru.

29. The windows of the Subaru were up and the occupants of the vehicle were listening to loud music.

30. Plaintiff Tevin Harmon was located in the front passenger seat.

31. Plaintiff Bobby Turner was located in the rear passenger seat on the driver side.

32. Plaintiff Chelsey Pendleton was located in the rear passenger seat opposite Bobby Turner.

33. Defendant Brockman shined his flashlight at the driver window of the Ramsey vehicle.

34. At no time did Defendant Brockman have probable cause or reasonable suspicion to stop the Ramsey's Subaru.

35.     Samantha Ramsey slowed, but continued moving slowly onto the roadway and out of the driveway while Defendant Brockman was on the driver's side of her vehicle.

36.     If Defendant Brockman had probable cause or reasonable suspicion to stop the Subaru he could have noted the license plate, radioed the information to nearby officers, instructed them to observe her driving to determine if there was probable cause or reasonable suspicion to stop her car.  He did not do that.

37.     Instead, Defendant Brockman moved along the driver's side of the moving vehicle. He then jumped up onto the hood, facing Ms. Ramsey through the windshield.

38.     Prior to leaping onto the hood, Defendant Brockman was never in the direct path of the vehicle.

39.     Samantha Ramsey responded to his actions by shifting out of "Drive" towards "Park" in an effort to stop the vehicle.

40.     As she was shifting out of "Drive" Defendant Brockman began shooting at her, eventually firing four times.

41.     While being shot at, Ms. Ramsey threw her hands in front of her body in a futile gesture to stop the bullets. Several of the bullets pierced her arms.

42.     After shooting into the vehicle Defendant Brockman jumped off the hood of the car.

43.     The car was then rolling backwards. Ms. Ramsey had only managed to shift into "Reverse" before the bullets incapacitated her and prevented her from continuing to shift into "Park."

44.     The car rolled backwards into a ditch.

45.     The passenger plaintiffs who survived then slowly exited the car, terrified that they would be shot.

6

46. The passenger plaintiffs were held at gunpoint by Defendant Brockman and another Boone County Deputy as they exited the Subaru.

47. The passenger plaintiffs were all horrified and shocked by the shooting of their friend and their own terrifying experience of being inside the car during the shooting and the aftermath.

48. Samantha Ramsey experienced severe pain and was conscious after the shooting for a short period. She died that night as a result of the gunshots.

**D. Culpable Conduct, Failure to Train, Supervise and Ratification**

49. At all times other officers were nearby available to provide back up or assume primary responsibility for monitoring the Ramsey vehicle once it entered the roadway.

50. Prior to mounting the hood of the Subaru Defendant Brockman did not call for assistance from any of these nearby officers.

51. At no time was there any legitimate law enforcement or other purpose for Defendant Brockman to jump onto the hood of the Subaru and violently confront Ms. Ramsey and the passenger plaintiffs.

52. At all times after Defendant Brockman had mounted the hood of the Subaru he was free to get off of the hood without shooting the driver but he unreasonably chose to shoot the driver before jumping from the hood.

53. Defendant Brockman stopped Samantha Ramsey and the Plaintiffs and used force against them without any probable cause or reasonable suspicion to reasonably believe they had committed a crime.

54. Defendant Brockman acted intentionally, knowingly, unreasonably, maliciously, negligently, recklessly, in bad faith, and with deliberate indifference to the safety and rights of

7

Samantha Ramsey and the other Plaintiffs when he attempted to stop them without probable cause and when he used excessive force against them.

55.     The use of force on Samantha Ramsey, Tevin Harmon, Chelsey Pendleton and Bobby Turner on April 26, 2014 was unreasonable and excessive and violated clearly established law.

56.     Defendant Sheriff Helmig in his official capacity is vicariously liable for the tortious acts and omissions of Defendant Deputy Brockman pursuant to K.R.S. § 70.040.

57.     Defendants Boone County and Helmig did not discipline Defendant Brockman with respect to his use of force against Samantha Ramsey, Tevin Harmon, Chelsey Pendleton and Bobby Turner on April 26, 2014.

58.     Defendants Boone County and Helmig's policies, practices, customs and usages regarding the use of deadly force against nonviolent, unarmed suspects proximately caused the death of Samantha Ramsey and the injuries to the passenger plaintiffs.  These policies and customs include but are not limited to:

   a. Permitting Officers to use deadly force while they are under the influence of benzodiazepines;

   b. Permitting officers to stop and/or direct traffic while on foot using unclear verbal directives and lights in an unsafe manner;

   c. Permitting officers to engage in foot pursuits of vehicles that needlessly endanger the officer and the public;

   d. Permitting officers to stop vehicles without probable cause or reasonable suspicion;

   e. Permitting officers to establish sobriety checkpoints without probable cause and in violation of basic procedural safeguards;

  f. Permitting officers to unreasonably discharge firearms into occupied, moving vehicles;

  g. Permitting officers to use deadly force in an unreasonable manner and without any reasonable basis;

59. Defendants Boone County and Helmig improperly retained, trained and failed to adequately supervise Defendant Brockman even though they were on notice of a need to carefully train and supervise him because of but not limited to:

  a. False statements made by Defendant Brockman on his employment application;

  b. Admitted illegal sales of prescription drugs in 2006

  c. Prior illegal drug use;

  d. Waiving the psychological screening, drug screening and polygraph at his hiring;

  e. Use of benzodiazepines while on duty;

  f. Use of Force and the other policies, customs and issues listed in paragraph 58.

60. Defendants Boone County and Helmig ratified the excessive use of force by Defendant Brockman by failing to conduct a meaningful investigation, conducting an investigation that is designed to avoid discovering the truth, and by not disciplining Defendant Brockman despite numerous violations of law and policy. Indications of ratification include but are not limited to:

  a. Failure to secure a timely independent investigation;

  b. Unduly delaying the interview of Defendant Brockman;

  c. Permitting Defendant Brockman to retain his uniform and work shoes after the shooting;

  d. Failing to secure a proper drug screen from Defendant Brockman after the shooting;

    e. Failing to comprehensively test the weapon used by Defendant Brockman;

    f. Performing a scene reconstruction without videotaping the proceedings or taking comprehensive notes;

    g. Failing to conduct a comprehensive administrative investigation and relying instead on the criminal investigation.

**E. Damages**

61. As a direct and proximate result of the conduct of Defendants Boone County, Helmig and Brockman, Tevin Harmon, Chelsey Pendleton and Bobby Turner suffered physical injury, mental anguish, horror and fear as Defendant Brockman terrorized them from the hood while brandishing his gun and also suffered physical injury, pain, emotional and psychological trauma as a result of the use of force described above.

62. As a direct and proximate result of the conduct of Defendants Boone County, Helmig and Brockman, Samantha Ramsey suffered terror and fear as Defendant Brockman terrorized her from the hood while brandishing his gun and also suffered physical injury, pain, emotional and psychological trauma, and eventually died as a result of the use of force described above.

63. As a further direct and proximate result of Samantha Ramsey's wrongful death, Ms. Ramsey's survivors, next of kin and/or heirs have suffered permanent damages, including but not limited to, lost income, grief, depression, and severe emotional distress. They have incurred funeral bills and other expenses and will incur additional expenses in the future.

### V.    FIRST CLAIM FOR RELIEF - 42 U.S.C. § 1983

64. Defendants Boone County, Helmig and Brockman have, under color of law, deprived Samantha Ramsey, Tevin Harmon, Chelsey Pendleton and Bobby Turner of rights, privileges,

10

and immunities secured to them by the Fourth and Fourteenth Amendments to the United States Constitution including the right to be free of unreasonable seizures without probable cause and to be free of excessive force.

### VI.     SECOND CAUSE OF ACTION – WRONGFUL DEATH AND SURVIVAL ACTION

65.     Defendants Boone County, Helmig and Brockman's actions caused the wrongful death of Samantha Ramsey resulting in damages recoverable under K.R.S. § 411.130 and K.R.S. § 411.133.

66.     Plaintiff's damages include deceased's physical and mental injuries, as well as the medical and other final expenses incurred as a result of Defendants' action.

### VII.     THIRD CAUSE OF ACTION – ASSAULT AND BATTERY

67.     Defendant Brockman intentionally, maliciously, and in bad faith applied and threatened to apply unlawful and unnecessary force against Tevin Harmon, Chelsey Pendleton and Bobby Turner. Defendant Helmig is liable on this claim in his official capacity under K.R.S §70.040.

### VIII.     FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.     Defendant Brockman inflicted severe emotional distress on Plaintiffs Tevin Harmon, Chelsey Pendleton and Bobby Turner. Defendant Helmig is liable on this claim in his official capacity under K.R.S §70.040.

### IX.     FIFTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69.     Defendants Boone County, Helmig and Brockman negligently inflicted severe emotional distress on Plaintiffs Tevin Harmon, Chelsey Pendleton and Bobby Turner.

Case: 2:15-cv-00052-DLB-JGW   Doc #: 1   Filed: 04/15/15   Page: 12 of 12 - Page ID#: 12

## X.  JURY DEMAND

70.  Plaintiff hereby demands a trial by jury of all issues triable by a jury.

## XI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that this Court award her:

A. Compensatory damages in an amount to be shown at trial.

B. Punitive damages against Defendant Brockman in an amount to be shown at trial;

C. Costs incurred in this action and reasonable attorney fees;

D. Prejudgment interest; and

E. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

| | |
|---|---|
| s/ Alphonse A. Gerhardstein<br>Alphonse A. Gerhardstein<br>*Trial Attorney for All Plaintiffs*<br>Jacklyn Gonzales Martin<br>Attorney for Plaintiffs<br>Gerhardstein & Branch, Co LPA<br>432 Walnut Street, Suite 400<br>Cincinnati, Ohio 45202<br>(513) 621-9100<br>Fax (513) 345-5543<br>agerhardstein@gbfirm.com<br>jgmartin@gbfirm.com<br><br>Colleen M. Hegge<br>8667 HWY 42, Suite 300<br>Union, Kentucky  41091<br>(859) 384-4300 ext. 101<br>chegge@nkyattorney.org<br>*Attorney for Plaintiffs  Tevin Harmon,*<br>*Chelsey Pendleton and Bobby Turner* | /s/ Gary F. Franke<br>Gary F. Franke<br>Michael O'Neill<br>GARY F. FRANKE CO., L.P.A.<br>*Attorneys for Plaintiff Brandi Stewart*<br>120 East 4th Street - Suite 1040<br>Cincinnati, Ohio  45202<br>(513) 564-9222<br>Fax  (513) 564-9990<br>gff@garyfrankelaw.com<br>MDO@garyfrankelaw.com<br><br>Pro Hac Vice Motion Forthcoming<br><br>Ryan J. Reed<br>Law Office of Ryan J. Reed, PLLC<br>401 Madison Avenue<br>Covington, KY 41011<br>(859) 307-9000<br>Fax (859) 491-9854<br>reed.law@live.com<br>*Attorney for Plaintiffs  Tevin Harmon,*<br>*Chelsey Pendleton and Bobby Turner* |